297 Ga. 210
FINAL COPY

S15A0281. SMITH v. MAGNUSON.

THOMPSON, Chief Justice.

This is an appeal by the warden from the grant of habeas corpus relief to petitioner Andrew Magnuson based on the habeas court's determination that Magnuson's guilty pleas were invalid and that he received ineffective assistance of counsel. For the reasons that follow, we find no error in the habeas court's conclusion that Magnuson's guilty pleas were invalid and, therefore, we affirm.[1]

Magnuson was indicted by a Fayette County grand jury on charges of enticing a child for indecent purposes (two counts), possession of child pornography, and attempted kidnapping. In 2001, during a group plea, Magnuson entered non-negotiated guilty pleas to all counts of the indictment. During the plea hearing, the judge asked if any defendant had ever been a patient in a mental health facility or under the care of a psychiatrist, and Magnuson incorrectly answered that he had not. Plea counsel informed the

[1] Because we affirm the grant of habeas relief on the basis of his pleas, we do not include in this opinion any discussion of the evidence presented in support of Magnuson's ineffective assistance claims and we state no opinion regarding the habeas court's handling of those claims.

judge prior to acceptance of Magnuson's pleas that Magnuson had in fact been institutionalized and treated for mental health problems but added that he could not say whether psychiatrists had been involved. Counsel then stated that Magnuson had been found competent to stand trial, to which the court responded, "he appears as such." The court ultimately accepted Magnuson's pleas without making any further inquiry into his mental health history or his then-current mental state.[2] After a sentencing hearing, Magnuson was sentenced to two consecutive 20-year terms of imprisonment on the enticement charges, a consecutive 20-year probated term of imprisonment on the pornography charge, and a consecutive five-year probated term of imprisonment on the attempted kidnapping charge.

In 2008, Magnuson filed a petition for habeas corpus asserting that his mental condition prevented him from entering valid guilty pleas and challenging

---

[2] Although group plea hearings may not be impermissible per se, see Bullard v. Thomas, 285 Ga. 545, 546 (678 SE2d 897) (2009), overruled on other grounds, Lejeune v. McLaughlin, 296 Ga. 291 (766 SE2d 803) (2014), a group plea will, in most circumstances, be an inappropriate forum for the acceptance of a defendant's plea to a serious crime. Courts are reminded that when a defendant is charged with a serious crime, and especially where the defendant is known to have a history of mental health disorders, it is imperative for the court to engage the defendant in an individual colloquy both to ensure the constitutional integrity of the plea and to provide appellate courts with a complete record in the event of a future challenge to the validity of the plea.

the effectiveness of plea counsel on numerous grounds, all of which involved allegations related to counsel's failure to adequately investigate Magnuson's mental health history and mental condition at the time of the crimes and at the time his plea was entered, counsel's failure to discover and use such evidence to support mental health defenses which could have been raised at trial, and/or counsel's failure to discover and present such evidence to the trial court at the time of his plea.

An evidentiary hearing was held at which evidence of Magnuson's long history of mental health problems was introduced. This undisputed evidence showed that since an early age, Magnuson has suffered from mental disorders requiring the care of psychiatrists and mental health providers, the taking of prescribed medications, and his participation in regular group and individual mental health therapies. His disorders have on several occasions resulted in his hospitalization. In addition to this evidence, Magnuson presented the testimony of two expert witnesses. The first witness, Joanne Kimball, is a mental health therapist who treated Magnuson both before and after his arrest on the instant charges. Kimball testified that when she first met Magnuson, he had a diagnosis of bipolar disorder, he was functioning at a low level of maturity, and he needed

help with adult daily living skills. She also related that when she visited Magnuson after his arrest, he did not understand the severity of the charges being brought against him, and he had no comprehension of how long he might spend in jail, believing that he would spend six or eight weeks in jail and then go home.

The second expert witness, Dr. Terence Campbell, is a psychologist specializing in forensic psychology. Dr. Campbell stated that in his opinion, consistent with Magnuson's mental health history, Magnuson suffered from an impulse control disorder that causes him to make fabricated statements that do not make any sense and are easily discredited. According to Dr. Campbell, the making of such statements is usually driven by an individual's anxiety in an effort to remove himself from a difficult situation. As it pertains to the plea hearing, Dr. Campbell testified that due to the circumstances of the group plea, Magnuson's impulse disorder, and the fact that Magnuson is more susceptible to conformity than the typical person, Magnuson would have answered the plea court's questions in conformity with the general affirmative answer of the group without giving any consideration to or having any real understanding of the consequences of his answers. Based on this and other evidence presented at the

4

hearing, the habeas court granted Magnuson's petition, finding Magnuson's pleas were invalid because "his mental health condition prevented him from understanding the questions of the court and answering them truthfully due to the circumstances of the group plea."[3] The warden appealed.

1. A petitioner who challenges the validity of his guilty plea bears the burden of showing that the plea was not voluntary, knowing, or intelligent. See Lejeune v. McLaughlin, 296 Ga. 291, 294 (766 SE2d 803) (2014). When reviewing a habeas court's decision to grant relief, we accept the habeas court's factual findings unless they are clearly erroneous, but we independently apply the legal principles to the facts. Upton v. Johnson, 282 Ga. 600, 602 (652 SE2d 516) (2007). A habeas court's factual findings cannot be found to be clearly erroneous if there is evidence in the record to support such findings. Id.

As we have stated previously:

To establish that a guilty plea is valid, the record must show

---

[3] We note that Magnuson's claim that his plea was not knowingly and voluntarily entered is not subject to Georgia's customary procedural default rule, which holds that claims not raised at trial and on appeal are waived, because the rule does not apply to a claim that a conviction or sentence is void. See OCGA § 9-14-48 (d); Tolbert v. Toole, 296 Ga. 357, 361, n. 8 (767 SE2d 24) (2014). See also Boykin v. Alabama, 395 U. S. 238, 243, n. 5 (89 SCt 1709, 23 LE2d 274) (1969) ("if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void").

that the defendant understood and intelligently entered the plea. The trial court must determine that the plea is voluntary, the defendant understands the nature of the charges, and there is a factual basis for the plea. In addition, the trial court must inform the defendant of the rights being waived, the terms of any negotiated plea, and the minimum and maximum possible sentences.

(Citations omitted.) Maddox v. State, 278 Ga. 823, 825-826 (607 SE2d 587) (2005), quoting Johnson v. State, 275 Ga. 538, 539 (1) (570 SE2d 289) (2002). See Brady v. United States, 397 U. S. 742, 748 (I) (90 SCt 1463, 25 LE2d 747) (1970) (To properly form the basis for a judgment of conviction, a guilty plea must be voluntary, knowing, and intelligent.). Our review of this case leads us to conclude that there is record evidence supporting the habeas court's determination that at the time he entered his guilty pleas, Magnuson's mental condition prevented him from understanding the consequences of his pleas. Specifically, the habeas court considered the undisputed evidence of Magnuson's history of mental disorders and found persuasive Dr. Campbell's testimony regarding Magnuson's inability to comprehend the import of the plea court's questions and to answer those questions truthfully. This evidence was bolstered by Kimball's testimony, also credited by the habeas court, showing that just prior to entering his pleas, Magnuson believed he would be incarcerated

6

for weeks, not years. At the same time, because plea counsel died prior to the habeas proceedings and the plea court failed to make an independent inquiry related to Magnuson's mental state or his understanding of the proceedings, there is no evidence in the record showing that Magnuson gained a more accurate understanding of the consequences of his pleas through conversations with plea counsel.

The warden rebuts the habeas court's view of the evidence by pointing to the fact that Magnuson, who was 23 years old at the time of sentencing and had completed the 12th grade, was advised at the plea hearing of all of the rights he was waiving by pleading guilty and stated that he understood he was entering a blind plea and what that meant. While these assertions are supported by the record, they do not contradict the habeas court's findings that Magnuson suffered from a mental disorder at the time of his pleas which prevented him from understanding and truthfully answering the plea court's questions. Similarly, the warden's argument that the habeas court's findings regarding Magnuson's mental condition at the time his pleas were entered are inconsequential because counsel corrected Magnuson's misstatement misses the point. It was not the veracity of the information provided to the plea court that

7

formed the basis of the habeas court's findings but the fact that the group dynamic and Magnuson's disorder prevented him from making an intelligent and knowing decision to enter his pleas. The plea colloquy also highlights counsel's unfamiliarity with at least one important detail of Magnuson's mental health history and counsel's failure to disclose the full extent of this history to the court. Given the state of the record in this case and the deference afforded a habeas court's factual findings, we cannot say that the habeas court's determination that Magnuson's pleas were not knowingly and intelligently entered was erroneous. See Wetherington v. Carlisle, 273 Ga. 854, 855 (547 SE2d 559) (2001), overruled on other grounds, Lejeune, supra, 296 Ga. at 299; Turpin v. Todd, 271 Ga. 386, 390 (519 SE2d 678) (1999).

2. Because of our holding in Division 1, we need not address the habeas court's rulings on Magnuson's claims of ineffective assistance of counsel.

Judgment affirmed. All the Justices concur.

Decided June 1, 2015.

Habeas corpus. Chattooga Superior Court. Before Judge Graham.

Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy

Attorney General, Paula K. Smith, Senior Assistant Attorney General; Womack, Gottlieb & Rodham, Steven M. Rodham, for appellant.

Law Firm of Shein & Brandenburg, Marcia G. Shein, Elizabeth A. Brandenburg; Law Offices of Jeffery C. Talley, Jeffery C. Talley, for appellee.