In the Supreme Court of Georgia

Decided:   January 19, 2016

S15A1562.  THE STATE v. GARLAND.

THOMPSON, Chief Justice.

Appellee Steven Lee Garland was convicted of sexual battery involving a child and sentenced to serve one year imprisonment followed by four years of probation.  His conviction was affirmed on appeal.  See Garland v. State, 315 Ga. App. XXV (2012).  Garland filed a petition for writ of habeas corpus which the habeas court granted based on its determination that Garland's appellate counsel provided ineffective assistance.  The State appeals from the order granting Garland habeas relief, and for the reasons that follow, we affirm.

In 2008, Garland was found guilty of sexual battery involving a child based on allegations that he intentionally touched a child's buttocks as he picked her up during a church conference.  After the verdict was returned and before sentencing, Garland retained new counsel to represent him through sentencing and on appeal.  This attorney, to whom we refer as appellate counsel, filed a

motion for new trial asserting that trial counsel was ineffective on several grounds, including an allegation that he unreasonably failed to investigate Garland's mental health status and failed to raise Garland's mental condition as an issue at trial despite knowing that Garland was under the care of a psychiatrist and had been prescribed anti-psychotic medication.

Prior to the hearing on his motion for new trial, Garland, who already had served the incarceration portion of his sentence, was re-incarcerated on a probation violation. Appellate counsel testified at the habeas hearing that in order to secure Garland's release from confinement, he reached an agreement with the State which required him to withdraw the motion for new trial, and in exchange, Garland would be returned to probation to be served in his home state of Texas.[1] Garland did not execute a written agreement to withdraw his motion for new trial or to waive his post-conviction review rights and he was not informed by the judge presiding over his probation revocation hearing that he

---

[1] Although it is disputed by the State, the habeas court found that "appellate counsel and the State agreed . . . that . . . Garland, through appellate counsel, would . . . pursue review of Garland's conviction on the ground of plain error." The record reflects that appellate counsel filed a direct appeal challenging the constitutionality of the sexual battery statute and the admission of certain evidence at trial, but Garland's conviction was affirmed in an unpublished opinion holding that the issues raised had not been preserved.

was waiving his post-conviction rights in exchange for a return to probation. In fact, there is no evidence that the judge overseeing the hearing was made aware of appellate counsel's agreement with the State. Nevertheless, Garland's motion for new trial was withdrawn by appellate counsel,[2] and on the same day, the court entered an order revoking Garland's probation, releasing him from custody, and reinstating his probation with special conditions, one of which was that he establish residency in Texas and serve his probation there.

In 2013, while still on probation, Garland filed a petition for writ of habeas corpus asserting ineffective assistance of appellate counsel. In support of his petition, Garland testified that he was never told about the agreement between appellate counsel and the State, that he was not consulted about the agreement or advised of the consequences of the withdrawal of his motion for new trial, and that he never would have agreed to waive his right to assert a post-conviction claim of ineffective assistance of trial counsel.[3] He also

---

[2] The motion to withdraw the motion for new trial made no reference to the agreement with the State, instead asserting that Garland was withdrawing his motion after "having been advised of the substance of his trial counsel's probable testimony, and after consultation with his current counsel."

[3] Appellate counsel at the same hearing testified that he discussed the agreement with Garland and that Garland agreed to its terms.

3

presented uncontradicted expert testimony establishing that in 2002 he was diagnosed with a continuing and progressive cognitive disorder caused by multiple mini-strokes. These mini-strokes resulted in memory problems and panic attacks and caused Garland to suffer from anxiety, depression, and Asperger-type social problems which affected, to a significant degree, his ability to assist trial counsel with his own defense. In addition, the experts collectively opined that Garland would have been unable to discern right from wrong or to conform his behavior to socially acceptable norms at the time of the crime. Each expert confirmed he would have been willing to testify at trial or on motion for new trial if he had been asked.

The habeas court granted Garland's petition, finding as a matter of fact that Garland did not consent to the agreement with the State and that trial counsel did not investigate Garland's mental health history. Had trial counsel properly investigated, the habeas court determined, he would have discovered evidence showing that Garland was not competent to stand trial and that his mental condition likely would have been a defense to criminal liability. Based on these findings and its conclusion that trial counsel provided Garland with ineffective assistance, the habeas court determined that appellate counsel

4

performed deficiently by: (1) entering into the agreement with the State without Garland's consent; (2) withdrawing the motion for new trial knowing that Garland might not have been competent to make a knowing and voluntary waiver of post-conviction review; and (3) failing to investigate Garland's mental health. With regard to prejudice, the habeas court determined Garland's mental condition should have been offered as a defense at trial or as an issue of his competency to stand trial, that there was a reasonable probability that the existence of his condition caused him actual prejudice and undermined confidence in the outcome of the trial, that the issues raised on motion for new trial related to trial counsel's failure to investigate Garland's mental health were meritorious and should not have been withdrawn, and that there was a reasonable probability that appellate counsel's withdrawal of the meritorious claims undermined confidence in the outcome of the motion for new trial proceeding. In essence, the habeas court concluded that appellate counsel, by ineffectiveness, waived Garland's right to claim ineffective assistance of trial counsel. The State appealed from the habeas court's grant of relief.

1. To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient

5

performance was prejudicial to his defense. Strickland v. Washington, 466 U.S. 668 (104 SCt 2052, 80 LE2d 674) (1984); Smith v. Francis, 253 Ga. 782, 783 (325 SE2d 362) (1985). When reviewing a habeas court's decision to grant habeas relief, this Court accepts the habeas court's factual findings unless they are clearly erroneous, but we apply the law to those facts de novo. Smith v. Magnuson, 297 Ga. 210, 212 (1) (773 SE2d 205) (2015).

(a) The State concedes that appellate counsel performed deficiently in all of the ways discussed in the habeas court's order, including appellate counsel's decision to enter into an agreement with the State and withdraw the motion for new trial without Garland's knowledge or consent, effectively waiving Garland's right to assert a claim of ineffective assistance of trial counsel. Accordingly, it is undisputed that Garland satisfied his burden under the first prong of the Strickland analysis.

(b) Having conceded the first prong of the Strickland standard for ineffective assistance, the State directs its challenge to the habeas court's ruling on the second prong, prejudice, arguing that the habeas court erred by failing to find a reasonable probability that Garland would have received a more favorable outcome on *direct appeal* but for appellate counsel's deficient performance.

6

Although for ease of understanding we refer in this opinion to Garland's second attorney as appellate counsel, the deficiencies upon which the habeas court's ruling is based all occurred during the motion for new trial proceeding and it was the outcome of that proceeding that was the proper focus of the habeas court's prejudice analysis. Contrary to the State's argument, therefore, the habeas court was not required to consider the prejudicial effect of appellate counsel's errors on the subsequently filed direct appeal. Instead, the pertinent question before the habeas court was whether there was a reasonable probability that but for appellate counsel's deficient performance on motion for new trial, the outcome of the motion for new trial proceeding would have been different.

When viewed in this perspective, and given the State's concessions and the habeas court's factual findings to which we must defer because they have evidentiary support, see Reed v. State, 291 Ga. 10, 13 (3) (727 SE2d 112) (2012), we cannot say that the habeas court erred when it concluded that Garland was prejudiced by appellate counsel's failure to inform Garland of the agreement with the State and his failure to obtain Garland's consent to the withdrawal of the motion for new trial. As previously noted, the State conceded that trial counsel's failure to conduct any investigation into Garland's

competency and mental health constituted deficient performance and that appellate counsel performed deficiently when he entered into an agreement with the State without Garland's knowledge or consent, an agreement affecting the disposition of the charges filed against Garland as well as his post-conviction rights. The habeas court, in its discretion, also credited Garland's testimony that he would not have accepted the terms of the agreement had he been made aware of it. See Humphrey v. Walker, 294 Ga. 855, 860 (757 SE2d 68) (2014) (reaffirming that this Court must "yield to the judgment of the habeas court with respect to the credibility of witnesses who testified in the habeas proceedings."). Reasonable appellate counsel in these circumstances would have discussed the agreement with Garland and withdrawn the motion for new trial only with his consent after fully disclosing that withdrawal of the motion for new trial would effectively waive any post-conviction claim Garland may have had regarding trial counsel's performance, including trial counsel's failure to undertake even the slightest mental health evaluation. See Georgia Rules of Professional Conduct, Rule 1.4 (a) (lawyer shall promptly inform client of any decision with respect to which the client's informed consent is required); ABA 4th Ed. of the Criminal Justice Standards for the Defense Function, Standard 4-5.2 ("The

decisions ultimately to be made by a competent client, after full consultation with defense counsel, include . . . whether to accept a plea offer . . . and whether to appeal . . .”); ABA 4th Ed. of the Criminal Justice Standards for the Defense Function, Standard 4-6.4 (a) (defense counsel should not accept disposition agreement waivers of post-conviction claims addressing ineffective assistance of counsel unless such claims are based on past instances of conduct specifically identified in an agreement or in the transcript of proceedings that addresses the agreement); ABA 4th Ed. of the Criminal Justice Standards for the Defense Function, Standard 4-6.4 (b) (defense counsel should not agree to waiver of right to appeal or to contest conviction in collateral proceedings “unless after consultation with the client it is agreed that the risk of losing the negotiated disposition outweighs other considerations.”).  See also Strickland, 466 U.S. at 687-688 (III) (to prove deficient performance by legal counsel, defendant must show that counsel performed his or her duties in an objectively unreasonable way, considering all the circumstances and in light of the prevailing professional norms).  The prejudicial effects of appellate counsel’s failure to advise and consult with Garland are heightened because of the uncontradicted evidence of Garland’s lack of competence and diminished mental condition, factors which

were neither investigated by trial counsel nor presented to the trial court on motion for new trial and which clearly call into question the fairness of his trial. Accordingly, we agree with the habeas court's conclusion that Garland satisfied his burden of establishing a reasonable probability that he would have prevailed on his motion for new trial had the motion not been unreasonably withdrawn by appellate counsel. See Strickland, 466 U.S. at 694 (III) (B) (explaining that a "reasonable probability" is "a probability sufficient to undermine confidence in the outcome."). It follows that the habeas court did not err by granting habeas relief on this ground.

We find no merit in the State's assertion that the habeas court erred by failing to address the question of whether Garland's "trial was likely tainted by a specific error or omission of a constitutional dimension necessitating a retrial." It is beyond dispute that a defendant who receives ineffective assistance of counsel has been denied a right of "constitutional dimension." See Strickland, 466 U.S. at 686-687. For this reason, we also reject the State's suggestion that despite being denied his constitutional right to effective legal counsel, Garland was not entitled to habeas relief "because he almost certainly is going to be found guilty" if he is tried again.

2. In light of Division 1, we need not reach the other grounds upon which the habeas court granted the writ.

<u>Judgment affirmed. All the Justices concur, except Melton, J., not participating.</u>