309 Ga. 203
FINAL COPY

S20A0013.  NELSON v. WILKEY.

BETHEL, Justice.

Appellant, Warden Dennis Nelson, challenges the habeas court's order setting aside Morocco Jacobi Wilkey's conviction for one count of possession of methamphetamine with intent to distribute, to which he pled guilty. For the reasons that follow, we determine that the habeas court's findings of fact regarding Wilkey's claim of ineffective assistance of counsel — namely, that Wilkey desired to withdraw his guilty plea prior to sentencing but was not informed by counsel of his absolute statutory right to do so under OCGA § 17-7-93 (b)[1] and that trial counsel failed to give him the benefit of new advice stemming from information learned between the entry of the plea and the sentencing hearing — are supported by the record. We also determine that such findings support the conclusion that

---

[1] OCGA § 17-7-93 (b) provides, in relevant part, that "[a]t any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty.'"

Wilkey was deprived of his right under the Sixth Amendment to the United States Constitution to the effective assistance of counsel. We therefore affirm the habeas court's determination that Wilkey is entitled to habeas relief on this basis.

1. *Background and Procedural History.*

In 2014, Wilkey was indicted by a Bartow County grand jury for possession of methamphetamine with intent to distribute, and he entered a plea of not guilty.[2] The case went to trial in April 2015, and Wilkey was represented by counsel. On the third day of trial, while one of his former co-defendants was testifying on behalf of the State, Wilkey elected to change his plea to a guilty plea.

On April 28, 2015, 13 days following the entry of Wilkey's guilty plea, the trial court held a sentencing hearing. During the sentencing hearing, but prior to the trial court's pronouncement of sentence, plea counsel stated the following:

> I just want the record to reflect and I have let Mr. Wilkey know that it has come to my attention that there was an outstanding warrant for [the] sale of

---

[2] Wilkey was indicted along with at least two co-defendants, a man and a woman, both of whom were sentenced before Wilkey.

methamphetamine, a felony warrant that had been outstanding on [Wilkey's female co-defendant] since August of last year.[3] Even though she had come to court multiple times and sat in the courtroom for three days of trial, the warrant was not executed, nor was that information turned over to the defense at trial and that her testimony was that she was just a user, that she didn't sell drugs, and that's why the drugs [at issue in Wilkey's case] were not hers. I let Mr. Wilkey know that information since it came about after he took a plea. I've also let him know and that the record will reflect he has thirty days from today's date if he wanted to withdraw his plea because that certainly would have [an] effect on what we discussed.

These statements by Wilkey's plea counsel were not disputed by the State.

The trial court asked Wilkey whether there was anything he wanted to say before his sentence was imposed. Wilkey stated that

---

[3] The arrest warrant is not in the record. However, the record includes a subsequent September 2, 2015, Bartow County grand jury indictment charging Wilkey's co-defendant with the sale of methamphetamine on or about August 28, 2014, and illegal use of communication facility by arranging the sale of methamphetamine via telephone. The State's request to enter a nolle prosequi in the case was granted on November 13, 2017, two years after Wilkey's trial. The habeas court's order noted "the similarities of the offenses [Wilkey's co-defendant] was alleged to have committed in the case at bar and in the subsequent 2014 indictment (Case No. 15-1930), [and] the fact that the offenses were alleged to have occurred in the same jurisdiction and alleged to have been committed by an individual with the same first, middle and last names."

he did not. The trial court proceeded to impose a split sentence of 30 years, 15 years to be served in prison and 15 years on probation. The trial court also stated that it was "bothered" that "the warrant was held" on Wilkey's co-defendant and that the failure to execute the warrant was "unprofessional" and a violation of a law enforcement officer's duty to execute a valid warrant. The trial court added that it would consider the failure to execute the warrant on Wilkey's co-defendant "when that matter comes up, but, at this point in time, that's something for [plea counsel] and Mr. Wilkey to consider and something the Court will consider," and that Wilkey's sentence was "based upon the plea that he entered." The trial court's statements about the State's failure to execute the outstanding warrant were uncontested by the State.

Wilkey filed a motion to withdraw his guilty plea within 30 days of his sentencing hearing. However, that motion was rejected as untimely on October 3, 2017, because the term of the Bartow County Superior Court had ended on April 30, 2015, two days after Wilkey's sentencing hearing. See *Brooks v. State*, 301 Ga. 748, 751

(2) (804 SE2d 1) (2017) ("A motion to withdraw a guilty plea must be filed within the same term of court as the sentence entered on the guilty plea." (citation and punctuation omitted)); OCGA § 15-6-3 (9) (A) (The terms of court for Bartow County shall begin on the "[f]irst Monday in February, May, August, and November.").

On June 21, 2018, Wilkey filed a petition for a writ of habeas corpus in the Superior Court of Clayton County. He raised three grounds for relief. First, Wilkey argued that his guilty plea was not freely and voluntarily entered due to the State's failure to disclose information about his co-defendant's open arrest warrant prior to the entry of the plea. Wilkey argued that this information would have been both relevant and exculpatory because Wilkey's defense at trial was that another individual apprehended at the scene was the individual who distributed the drugs.[4] Second, Wilkey argued that the trial court improperly advised him regarding the deadline for filing a motion to withdraw his guilty plea. Finally, Wilkey

---

[4] According to the transcript of the sentencing hearing, Wilkey had more than one co-defendant. The record is not clear as to which co-defendant Wilkey claimed was responsible for distributing the drugs.

argued that his plea counsel provided constitutionally ineffective assistance by failing to advise Wilkey that his guilty plea could be withdrawn for any reason at any time prior to sentencing and again when she improperly advised him regarding the deadline for filing a motion to withdraw his guilty plea after sentencing.

The habeas court held an evidentiary hearing on February 5, 2019. Wilkey was the only witness and testified as follows. At the time Wilkey entered his guilty plea, he did so freely and voluntarily after consultation with his counsel and knowing that he had the right to continue with the trial. Wilkey entered a guilty plea because he and plea counsel had no incriminating information about his co-defendant, and he did not know about the outstanding warrant for his co-defendant's arrest at that time.

Wilkey learned about the outstanding arrest warrant on his co-defendant in the 13 days between his guilty plea and sentencing hearing. He wanted to withdraw his plea because the new information showed "that [he] wasn't the one . . . selling drugs." Wilkey was never informed by his plea counsel that he had the

absolute right to withdraw his guilty plea prior to sentencing and testified that "once they [sent him] to the jail sometime after [the guilty plea] they arrested [Wilkey's co-defendant] on that sell case. And nobody informed [him] . . . [that he] could continue trial or none of that, it was just that was it." Wilkey did not discuss withdrawing his plea with plea counsel "because [he] didn't know [he] could even withdraw it then" but instead "thought once [he] entered the plea it was just, that was that, it was a process." At the time of his sentencing, Wilkey thought that he had 30 days from his sentencing to file a motion seeking to withdraw his guilty plea. On the day he returned to jail from his sentencing hearing, Wilkey requested new court-appointed counsel so that he could withdraw his guilty plea "immediately."[5] Wilkey's plea counsel did not assist with Wilkey's

---

[5] The record is not clear as to when Wilkey's motion to withdraw his guilty plea was filed. Wilkey testified that he filed the motion "immediately, like almost the next shipping date" after his transfer from the Bartow County jail to the state prison, but that he did not know his motion was untimely at the time it was filed and did not learn it was untimely until it was dismissed in October 2017.

motion to withdraw his plea.[6]

The habeas court granted Wilkey relief, concluding (1) that his plea was not freely, voluntarily, and knowingly made because he did not know that his co-defendant had a pending charge which would have been exculpatory for Wilkey when he entered his guilty plea; (2) that the trial court affirmatively misadvised Wilkey as to the deadline for moving to withdraw his plea; and (3) that his plea counsel provided ineffective assistance by (a) not advising Wilkey of his statutory right to withdraw his guilty plea prior to sentencing, (b) affirmatively misadvising Wilkey that he had 30 days from the date of sentencing to withdraw his guilty plea, and (c) abandoning representation of Wilkey after the sentencing hearing. The Warden timely filed a notice of appeal on May 22, 2019. The case was docketed to this Court's term beginning in December 2019 and was

---

[6] In his petition for a writ of habeas corpus, Wilkey indicated that he had been represented by at least three different attorneys in relation to this case. One attorney represented Wilkey during his arraignment and original plea, at trial, and at sentencing. A different attorney represented Wilkey during his motion to withdraw his guilty plea. A third attorney has represented Wilkey during his habeas proceedings.

submitted for a decision on the briefs.

2. The Warden challenges the habeas court's determination that Wilkey received ineffective assistance from his plea counsel when plea counsel failed to advise Wilkey of his statutory right to withdraw his guilty plea prior to sentencing.[7] In addition to determining that plea counsel performed deficiently, the habeas court further determined that, but for plea counsel's deficient performance, Wilkey's motion to withdraw his plea would have been granted by operation of law if made prior to sentencing. The habeas court thus granted relief to Wilkey on the basis of his claim of ineffective assistance of counsel.

To prevail on his claim, Wilkey must show both that his plea counsel's performance was constitutionally deficient and that the

---

[7] The Warden argues that Wilkey has the burden of proof and that, due to the sparse record, the habeas court engaged in mere speculation in granting relief to Wilkey. See *Washington v. Hopson*, 299 Ga. 358, 366 (2) (b) (788 SE2d 362) (2016). The Warden is correct that Wilkey, as the habeas petitioner, "bears the burden to complete the habeas record with relevant records from the trial proceedings . . . ." *Holt v. Ebinger*, 303 Ga. 804, 807 (814 SE2d 298) (2018). However, Wilkey has provided the records needed to decide this ineffective assistance claim, namely, the transcript of his sentencing hearing during which the alleged ineffective assistance occurred and the transcript of his habeas hearing.

deficient performance prejudiced his defense. See *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

> To meet the first prong of the [*Strickland*] test, [Wilkey] must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct, and that counsel's decisions were made in the exercise of reasonable professional judgment.

(Citation and punctuation omitted.) *Phelps v. State*, 293 Ga. 873, 879-880 (3) (750 SE2d 340) (2013). To meet the second prong of the test in the guilty plea context, Wilkey must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Citation and punctuation omitted.) *Oubre v. Woldemichael*, 301 Ga. 299, 304 (2) (800 SE2d 518) (2017).

On appeal, this Court defers to a habeas court's findings of fact unless they are clearly erroneous, but we apply the facts to the law de novo in determining whether counsel's performance was deficient and whether any purported deficiency was prejudicial. See *Morrow v. Humphrey*, 289 Ga. 864, 866 (II) (717 SE2d 168) (2011). See also

*Griffin v. Terry*, 291 Ga. 326, 328 (2) (729 SE2d 334) (2012) ("The habeas court's determination as to counsel's alleged ineffectiveness must be affirmed unless the habeas court's findings of fact are clearly erroneous or are legally insufficient to establish that counsel was ineffective.").

As an initial matter, the Warden argues that, because Wilkey had the burden to show that he had not waived his right to withdraw his plea prior to sentencing, Wilkey's failure to admit into evidence a copy of his plea hearing transcript forecloses habeas relief. We disagree. Although a defendant's statutory right under OCGA § 17-7-93 (b) to withdraw his guilty plea at any time prior to sentencing is a right that can be waived, such a waiver must be made "knowingly, voluntarily, and intelligently." *Blackwell v. State*, 299 Ga. 122, 124 (786 SE2d 669) (2016). There is no indication in the sentencing transcript, during which a potential motion to withdraw his guilty plea was discussed, that Wilkey made such a waiver. At the habeas hearing, Wilkey was asked about his plea colloquy with the trial court. He was then cross-examined on his decision to enter

a guilty plea, during which he was asked whether "the Judge went through all of the rights that [Wilkey] had," and answered "yes." There was no question about whether Wilkey waived his right to withdraw his guilty plea. The habeas court was not required to infer from this record that Wilkey had waived his right to file a motion to withdraw his guilty plea.

The Warden further argues that plea counsel's failure to inform Wilkey of his statutory right to withdraw his guilty plea prior to sentencing cannot form the basis of habeas relief because "[t]here is no Federal or State constitutional provision stating that a criminal defendant may withdraw his or her guilty plea as a matter of right at any time prior to sentence being pronounced." *Blackwell*, 299 Ga. at 123. The Warden's argument suggests that Wilkey had to show that he had a constitutional right to withdraw his guilty plea at any time before sentencing in order to be granted habeas relief. See *Bruce v. Smith*, 274 Ga. 432, 435 (3) (553 SE2d 808) (2001) ("Our state habeas corpus statute provides relief only for a substantial denial of constitutional rights under the United States

Constitution or the Georgia Constitution.").

Although we have recently held that "a defendant has no constitutional right to be *advised by the trial court* that he cannot withdraw his guilty plea as a matter of right after his sentence is pronounced," *Mahaffey v. State*, ___ Ga. ___, ___ (2) (b) (843 SE2d 571) (2020) (emphasis supplied), that is a different question than whether a defendant has a constitutional right to effective assistance of *counsel*. See *Alexander v. State*, 297 Ga. 59, 61 (772 SE2d 655) (2015) (distinguishing between a trial court's duties in accepting a guilty plea and defense counsel's obligations to his client in entering a guilty plea). "It is beyond dispute that a defendant who receives ineffective assistance of counsel has been denied a right of 'constitutional dimension.'" *State v. Garland*, 298 Ga. 482, 486-487 (1) (781 SE2d 787) (2016) (quoting *Strickland*, 466 U. S. at 686-687). Therefore, it is Wilkey's denial of his constitutional right to effective counsel, not his statutory right to withdraw his guilty plea, that forms the basis of the habeas court's grant of relief.

Furthermore, the Warden's reliance on *Blackwell* is misplaced,

as *Blackwell* does not stand for the proposition that an attorney's failure to advise her client about a statutory right to withdraw his guilty plea prior to sentencing cannot constitute ineffective assistance. See 299 Ga. at 123. "All criminal defendants, including those who waive their right to trial and enter a guilty plea, are entitled to effective legal assistance." (Citation and punctuation omitted.) *State v. Sabillon*, 280 Ga. 1, 2 (622 SE2d 846) (2005). As we have recently held, "[d]efendants who plead guilty to criminal charges in Georgia courts have the right to timely pursue post-conviction remedies, including a motion to withdraw the guilty plea and an appeal." *Dos Santos v. State*, 307 Ga. 151, 156 (5) (834 SE2d 733) (2019). "With respect to at least those two potential remedies, defendants have a Sixth Amendment right to the effective assistance of counsel to advise them about the potential remedy and to pursue the remedy if appropriate." Id. at 156-157 (5). Thus, a defendant's right to effective assistance of counsel regarding his guilty plea includes the right to be advised about his absolute right to withdraw his guilty plea prior to sentencing and whether he

should pursue such a remedy. We turn now to whether the habeas court correctly determined that Wilkey's plea counsel performed deficiently in this respect. We agree with the habeas court's determination that no reasonable attorney providing constitutionally effective representation would fail to inform a client of an absolute statutory right to withdraw a plea when the attorney had obtained new information that changed the attorney's assessment of the client's case and had not yet fully discussed that information and its relevance with the client.

At the sentencing hearing, plea counsel told the trial court, and the habeas court credited counsel's statement, that she was aware of new information "that certainly would have an effect" on her advice to her client, which amounts to an admission that this new information would have a material effect on her previous advice to her client. Rather than ensuring that Wilkey had the benefit of that different advice before he lost the absolute right to withdraw his guilty plea for any reason, plea counsel allowed the sentencing hearing to proceed. Plea counsel's decision to let sentencing proceed

despite this change in circumstances had immediate negative consequences for Wilkey.

The effect of plea counsel's failure to advise Wilkey of his statutory right to withdraw his guilty plea prior to sentencing was that, as a matter of law, Wilkey was prevented from withdrawing his guilty plea for any reason. See *Graham v. State*, 300 Ga. 620, 620 (797 SE2d 459) (2017) ("A defendant may withdraw a guilty plea *for any reason* prior to sentencing, but can withdraw the plea after sentencing *only to correct a manifest injustice.*" (citation and punctuation omitted; emphasis supplied)). Compare OCGA § 17-7-93 (b) (". . . At any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty.'"), with Uniform Superior Court Rule 33.12 (B) ("In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw a plea of guilty or nolo contendere as a matter of right once sentence has been pronounced by the judge."). Prior to sentencing, a defendant can withdraw his guilty plea for *any reason*. After sentencing, a defendant's motion to withdraw his

guilty plea must survive the trial court's analysis under a stringent legal standard. See *Graham*, 300 Ga. at 621 (noting that, under the "manifest injustice" standard, "withdrawal is necessary . . . if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges" (citation and punctuation omitted)). Here, plea counsel's actions resulted in the imposition of an unnecessary burden on Wilkey, as he had to show a manifest injustice in his motion to withdraw his guilty plea after sentencing. No reasonable lawyer would allow sentencing to go forward under these circumstances. Indeed, the Warden concedes that plea counsel provided "bad advice about [Wilkey's] plea withdrawal options" at his sentencing hearing.

The Warden argues, however, that the habeas court erred in granting relief because Wilkey failed to show that his plea counsel's deficient performance was prejudicial. The Warden claims that because the trial was essentially over — the prosecution had rested, Wilkey's co-defendant had testified, and Wilkey was considering

what evidence, if any, to present — Wilkey has not and cannot show that he would have continued with trial, because any erroneous advice about his right to withdraw his guilty plea had nothing to do with Wilkey's decision two weeks earlier to forgo the remainder of his trial. The Warden further argues that the habeas court applied the wrong prejudice standard. We disagree with each of these contentions.

Here, the habeas court credited Wilkey's testimony that he did not know about his statutory right to withdraw his guilty plea prior to sentencing, and that he took immediate steps to file a motion to withdraw his guilty plea as soon as he thought he could — after sentencing. This Court defers to such credibility determinations unless they are clearly erroneous, and they are not in this case. See *Humphrey v. Walker*, 294 Ga. 855, 860 (757 SE2d 68) (2014) (reaffirming that this Court must "yield to the judgment of the habeas court with respect to the credibility of witnesses who testified in the habeas proceedings"). Moreover, the habeas court's findings are sufficient to show prejudice, as they support a determination

that Wilkey would have withdrawn his guilty plea prior to sentencing and continued with trial. The habeas court's determination — that Wilkey would have had his motion to withdraw his guilty plea granted and his right to a jury trial reinstated by operation of law — is simply a conclusion about the logical result of a motion to withdraw a guilty plea filed prior to sentencing.

In sum, the habeas court's factual and credibility findings relevant to Wilkey's claim of ineffective assistance of plea counsel are supported by the record, and we defer to them. Because those findings support the habeas court's determination that Wilkey received ineffective assistance of plea counsel, we affirm the grant of habeas relief. See *Griffin*, 291 Ga. at 328 (2). Because we affirm on Wilkey's first claim of ineffective assistance of counsel, we need not address the habeas court's grant of relief on any of the other claims brought by Wilkey. See *Smith v. Magnuson*, 297 Ga. 210, 210 n.1 (773 SE2d 205) (2015).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 29, 2020.

Habeas corpus. Clayton Superior Court. Before Judge Carter.

*Tracy Graham Lawson, District Attorney, Elizabeth A. Baker, Billy J. Dixon, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellant.

*Maryann F. Blend*, for appellee.