314 Ga. 355
FINAL COPY

S22A0588.  WRIGHT v. THE STATE.

ELLINGTON, Justice.

On February 7, 2020, Shakur Wright pleaded guilty to the malice murder of Benjamin Thompson and to other related offenses in the Superior Court of Fulton County.[1] Ten days after sentencing,

---

[1] On June 22, 2018, a Fulton County grand jury indicted Wright and his co-defendant, Quatez Clark, for malice murder (Count 1), felony murder (Counts 2-4), armed robbery (Count 5), aggravated assault (Counts 6-7), criminal attempt to purchase marijuana (Count 8), and possession of a firearm during the commission of a felony (Count 9). On February 7, 2020, Wright entered a non-negotiated guilty plea to malice murder and received a life sentence; armed robbery, a concurrent 20-year sentence; one count of aggravated assault, a concurrent 10-year sentence; criminal attempt to purchase marijuana, a concurrent 10-year sentence; and possession of a firearm during the commission of a felony, a consecutive, suspended 5-year sentence. The felony murder counts were vacated by operation of law, and the remaining count of aggravated assault merged into the malice murder conviction for sentencing purposes. On February 17, 2020, Wright filed, through plea counsel, a motion to withdraw his guilty plea. (Wright simultaneously entered guilty pleas to three separate indictments during his plea hearing, two of which are not at issue in this case. He filed motions to withdraw his guilty plea in all three cases, but he then withdrew the motions pertaining to the indictments which are not the subject of this appeal.) An evidentiary hearing on the motion to withdraw was held on October 4, 2021. Wright was represented by new counsel, and Wright's plea counsel testified. The court entered an order denying Wright's motion to withdraw his plea on October 13, 2021. On November 10, 2021, Wright timely filed a notice of appeal

Wright, through new counsel, filed a motion to withdraw his guilty plea. The motion was timely filed in the same term of court as his conviction. Wright argued that his plea counsel was ineffective for allegedly failing to inform him before sentencing of the more stringent "manifest injustice" standard for withdrawing a guilty plea after sentencing. After the court denied Wright's motion, Wright appealed, arguing that his plea counsel's alleged ineffective assistance resulted in an "unnecessary burden" on him. For the following reasons, we discern no abuse of discretion in the superior court's ruling, and we affirm its order denying Wright's motion to withdraw his guilty plea.

The record shows that the prosecutor set forth the following factual basis for Wright's guilty plea. On October 28, 2016, Wright and his co-defendant, Quatez Clark, went to a "trap house" in Fulton County with a box of marijuana. Thompson and his friend, Johnnie Caston, were in the kitchen of the trap house when Clark and

through new appellate counsel, which he amended on January 13, 2022. This appeal was docketed to the April 2022 term of this Court and submitted for a decision on the briefs.

Wright arrived. After a fistfight broke out between Clark and Caston, Wright pulled out a gun and fatally shot Thompson, who was unarmed. Clark and Wright fled. Caston called the police.

Based on information gleaned from witnesses, the police found Wright a short distance away from the house, running away. The police arrested Wright and recovered several handguns from his person, including a .40-caliber pistol that matched a .40-caliber shell casing found next to Thompson's body. Wright had blood on his clothes and gunpowder residue on his hands.

Video surveillance of the back door of the trap house showed Clark and Wright entering the house, then a scuffle near the back door, followed by Clark and Wright fleeing. Clark, who was also arrested shortly after the shooting, told the police that Wright shot Thompson. In his statement, Clark said that he got into a fight with Caston because he thought Caston was armed. Clark said that he had no idea, however, why Wright shot Thompson. Cell phone records revealed a good deal of communication between Wright and Clark immediately after the shooting. Wright told the police that he

shot Thompson in self-defense. Other than his self-serving statement, no evidence in the guilty plea record supports Wright's claim that he shot Thompson in self-defense.

The transcript of the guilty plea hearing shows that, on February 6, 2020, Wright entered a non-negotiated guilty plea to charges contained in three separate Fulton County indictments, including the one that is the subject of this appeal. The superior court informed Wright of the sentences that it would impose. The court gave Wright the opportunity to discuss the sentences with his plea counsel. Off the record, Wright and counsel discussed how to proceed. Thereafter, Wright decided to move forward with entering a plea of guilty to the charges in all three indictments. After pleading guilty, the court imposed the sentences that it told Wright it would impose. Ten days later, on February 17, 2020, Wright filed a motion to withdraw his guilty plea in the instant case. On October 13, 2021, after an evidentiary hearing, the superior court denied the motion, finding that Wright had "knowingly, intelligently, and voluntarily entered his guilty pleas with the assistance of effective counsel."

4

Wright argues that plea counsel was ineffective because he failed to inform Wright that he could no longer withdraw his plea as a matter of right if he chose to withdraw his plea after sentencing; instead, he faced an "increased burden" of showing that the plea was the result of a "manifest injustice." To prevail on his claim, Wright must show both that his plea counsel's performance was constitutionally deficient and that the deficient performance prejudiced his defense. See *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

> To meet the first prong of the *Strickland* test, [Wright] must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct, and that counsel's decisions were made in the exercise of reasonable professional judgment.

(Citation and punctuation omitted.) *Nelson v. Wilkey*, 309 Ga. 203, 207-208 (2) (845 SE2d 566) (2020). To meet the second prong of the test in the guilty plea context, Wright must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Citation and punctuation omitted.) Id. at 208 (2). "This Court

5

accepts a trial court's factual findings and credibility determinations on an ineffectiveness claim unless they are clearly erroneous, but we apply legal principles to the facts de novo." *Powell v. State*, 309 Ga. 523, 526-527 (2) (847 SE2d 338) (2020). "The court's decision on a motion to withdraw a guilty plea will not be disturbed absent an obvious abuse of discretion." (Citations and punctuation omitted.) *McClain v. State*, 311 Ga. 514, 515 (858 SE2d 501) (2021).

OCGA § 17-7-93 (b) provides, in relevant part, that "[a]t any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty.'" However, after sentencing, a defendant can withdraw his guilty plea "only to correct a manifest injustice." (Citation, punctuation and emphasis omitted.) *Nelson*, 300 Ga. at 210 (2). The superior court found, and the record supports that plea counsel accurately informed Wright during the plea, as well as during a break in the proceedings, of his right to withdraw his guilty plea both before and after sentencing. Counsel testified at the hearing on the motion to withdraw the guilty plea:

> I said you have a right to file a motion to withdraw your guilty plea. I told him in the back and during the

6

plea, that during the plea itself, at the very end of the plea the Judge would give him the option to keep his plea or withdraw his plea and during that proceeding he could withdraw his plea if he wanted to. However, I told him that after that, I told him he had the right to file a motion to withdraw his plea.

Plea counsel then added:

I fully explained to him in the back that if he did not withdraw his plea during the plea itself then it would have to be in the form of a motion which the Court would then consider. . . . I told him it would be discretionary with[ ] the Court[,] in the back. And I think I may have told him that the standard was a manifest, whatever it is, manifest injustice. But I told him during the plea itself, you can do it, and it will happen automatically, but after the plea is over and you accept, which he did, then it's in the form of a motion that would be up to the Court to whatever the Court is going to do. But it wasn't a withdrawal as a matter of right. I don't believe I ever said that during the transcript that he could withdraw his plea as a matter of right after he accepted the sentences.

Wright chose not to testify in support of his motion to withdraw, and Wright's plea counsel was the only witness to offer testimony. The superior court found that the undisputed evidence shows that counsel "testified that he advised [Wright] that after the sentence, any request to withdraw would be by motion and at the court's discretion." Further, "[Wright] was properly advised by his

7

counsel of his right to withdraw his guilty plea before sentencing [and] after sentencing[.]" These factual findings were not clearly erroneous. Thus, Wright failed to show that his plea counsel's performance was deficient and that he would have chosen to proceed to trial but for that deficient performance. Because the record supports the superior court's findings, the court did not abuse its discretion in denying Wright's motion to withdraw his guilty plea. See *Powell*, 309 Ga. at 524 (1) (The test for manifest injustice varies "from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges.") (citation and punctuation omitted).

Wright argues that our holding in *Nelson* requires plea counsel to advise a defendant in every case, regardless of the circumstances, of the more stringent "manifest injustice" legal standard applicable to withdrawing a guilty plea after sentencing. This is not accurate. In *Nelson*, this Court reiterated that "a defendant's right to effective

8

assistance of counsel regarding his guilty plea includes the right to be advised about his absolute right to withdraw his guilty plea prior to sentencing and whether he should pursue such a remedy." *Nelson*, 309 Ga. at 209 (2). We did not expand the law to require plea counsel to inform a defendant *in every case* that, if the defendant waits to withdraw the guilty plea until after sentencing, the defendant faces an increased burden to show a manifest injustice. See id. Rather, we concluded, based on the circumstances in *Nelson*, that counsel's advice was deficient under the *Strickland* standard. In *Nelson*, the petitioner did not know that he could withdraw his plea before sentencing because his counsel did not tell him. Id. at 206 (1). As a result, when the petitioner moved to withdraw his plea after sentencing, he faced the "unnecessary burden" of having to show a manifest injustice. As we explained:

> The effect of plea counsel's failure to advise [defendant] of his statutory right to withdraw his guilty plea prior to sentencing was that, as a matter of law, [defendant] was prevented from withdrawing his guilty plea for any reason. Prior to sentencing, a defendant can withdraw his guilty plea for any reason. After sentencing, a defendant's motion to withdraw his guilty plea must survive the trial court's analysis under a stringent legal

9

standard. Here, plea counsel's actions resulted in the imposition of an unnecessary burden on [defendant], as he had to show a manifest injustice in his motion to withdraw his guilty plea after sentencing. No reasonable lawyer would allow sentencing to go forward under these circumstances. Indeed, the Warden concedes that plea counsel provided "bad advice about [defendant's] plea withdrawal options" at his sentencing hearing.

(Citations and emphasis omitted.) *Nelson*, 309 Ga. at 210-211 (2).

The circumstances in the instant case are very different because Wright's counsel told him he had the absolute right to withdraw his plea prior to sentencing. Further, the record here supports the superior court's conclusion that, under the circumstances of this case, Wright made an informed decision to plead guilty based on accurate information provided by his counsel and that no manifest injustice occurred. Consequently, the superior court did not abuse its discretion in denying Wright's motion to withdraw his guilty plea on the ground of ineffective assistance of plea counsel.

*Judgment affirmed. All the Justices concur.*

Decided August 9, 2022.

Murder. Fulton Superior Court. Before Judge Carnesale.

*Lee & Ziegler, Konrad G. W. Ziegler*, for appellant.

*Fani T. Willis, District Attorney, Lyndsey H. Rudder, Kevin C. Armstrong, Virginia L. Davis, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ashleigh D. Headrick, Assistant Attorney General*, for appellee.