300 Ga. 620
FINAL COPY

S16A1882.  GRAHAM v. THE STATE.

HINES, Chief Justice.

Pursuant to a negotiated plea agreement, appellant Kiera Shanice Graham pled guilty to felony murder, armed robbery, and arson in the first degree.  Less than a month after she was sentenced for her crimes, appellant filed a motion to withdraw her guilty plea, asserting that it was coerced by her attorney.  The trial court denied the motion, and this appeal followed.[1]  Having determined that the appellant's plea was voluntary, we affirm.

When a defendant attacks the validity of a guilty plea on direct appeal,

the State has the burden of showing that the plea was made intelligently and voluntarily. *Cazanas v. State*, 270 Ga. 130, 131

---

[1] The crimes occurred on July 17, 2012.  Appellant was indicted in Thomas County on February 7, 2013, and charged with malice murder, felony murder, armed robbery, aggravated assault, hijacking a motor vehicle, two counts of arson in the first degree, and cruelty to children in the first degree.  Appellant was sentenced on September 12, 2013, to life in prison for felony murder and a concurrent term of twenty years on one of the first degree arson counts.  The armed robbery count was merged with the felony murder count. The malice murder, hijacking, cruelty to children and other first degree arson charges were nol prossed.  Appellant's motion to withdraw her guilty plea was filed on October 4, 2013, and denied on February 18, 2016.  Appellant filed a notice of appeal on March 16, 2016.  The appeal was docketed for the September 2016 term in this Court and submitted for decision on the briefs.

(508 SE2d 412) (1998). The State may meet its burden by showing on the record of the guilty plea hearing that the defendant understood the rights being waived and possible consequences of the plea or by pointing to extrinsic evidence affirmatively showing that the plea was voluntary and knowing. *Loyd v. State*, 288 Ga. 481 (2) (b) (705 SE2d 616) (2011). A defendant may withdraw a guilty plea for any reason prior to sentencing, but can withdraw the plea after sentencing only to correct a manifest injustice. *Maddox v. State*, 278 Ga. 823 (4) (607 SE2d 587) (2005); Uniform Superior Court Rule 33.12. Although we have declined to define "manifest injustice," which will vary depending on the case, we have noted that "withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges." *State v. Evans*, 265 Ga. 332, 336 (3) (454 SE2d 468) (1995).

*Bell v. State*, 294 Ga. 5, 6 (749 SE2d 672) (2013).

At the plea hearing, the trial court advised appellant that she had a right to a jury trial, a right to be represented and assisted by her attorney if she went to trial, a right to remain silent and to confront the witnesses against her, a right to subpoena witnesses and have them testify on her behalf, and a right against self-incrimination. The trial court also advised appellant that if she chose a jury trial she would be presumed innocent unless and until the State proved her guilt beyond a reasonable doubt; that she could choose a jury trial simply by entering a plea of not guilty; and that by entering a guilty plea, she would be forfeiting

2

her rights. Appellant said that she was not under the influence of alcohol or drugs; that she understood her rights and wanted to plead guilty; that no threats were made against her to enter a guilty plea; that her plea was made freely and voluntarily; and that she was represented well by her attorney and had no complaints about his assistance. In addition, appellant signed a form in which she acknowledged that her attorney advised her of her rights, and that she was giving up her rights voluntarily by pleading guilty.

At the hearing on the motion to withdraw her guilty plea, appellant claimed that her plea was not made voluntarily; that prior to the plea hearing, she decided she wanted to go to trial; but that she ended up pleading guilty only because she was coerced to do so by her attorney, who said she would be facing the death penalty if she did not accept the State's plea offer.[2] Appellant's attorney testified, and denied telling appellant she could receive the death penalty. In this regard, the attorney pointed out that the State never even sought the death penalty in her case, and that, if it did, he would not have been able to represent appellant because he was not qualified to handle death penalty cases.

---

[2] On cross-examination, appellant acknowledged, however, that she was "fully informed by the [trial] court, [and] fully aware[,] of the sentence range that [she] faced."

See Unified Appeal Procedure, Rule II (A).

Because the trial court was authorized to weigh the credibility of appellant and her attorney at the hearing on the motion to withdraw the guilty plea, see *McGuyton v. State*, 298 Ga. 351, 354-355 (1) (782 SE2d 21) (2016), and to conclude that appellant was not credible, see *Pike v. State*, 245 Ga. App. 518, 522 (1) (538 SE2d 172) (2000), we find no manifest abuse of discretion in the denial of appellant's motion to withdraw her guilty plea. See *McGuyton*, 298 Ga. at 353 (1) (a) ("A decision on a motion to withdraw a guilty plea is a matter for the sound discretion of the trial court and will not be disturbed absent manifest abuse.").

Judgment affirmed. All the Justices concur.

Decided February 27, 2017.

Murder, etc. Thomas Superior Court. Before Judge Hardy.

Wade N. Krueger, for appellant.

Bradfield M. Shealy, District Attorney, James L. Prine II, Assistant District Attorney; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney

<u>General</u>, for appellee.