309 Ga. 523
FINAL COPY

S20A0852.  POWELL v. THE STATE.

PETERSON, Justice.

Tyree Khalil Powell appeals the denial of his timely motion to withdraw his guilty plea to malice murder. He argues that his motion was improperly denied because he was not properly advised of the rights listed in *Boykin v. Alabama*, 395 U.S. 238, 243 (89 SCt 1709, 23 LE2d 274) (1969), and was forced to proceed with counsel with whom he had a bad relationship and who was not prepared for trial. Powell also argues that he should have been allowed to withdraw his guilty plea because the trial court erred in denying his request for new counsel. But the trial court's determination that Powell entered his guilty plea knowingly, intelligently, and voluntarily is supported by the record, and Powell has not shown that he was prejudiced by any deficient performance by plea counsel. We see no abuse of discretion in the denial of Powell's motion to

withdraw his guilty plea, and we affirm.

The record shows that Powell was charged with two counts of malice murder and other crimes related to the August 2016 shooting of Joshua Densley and Ernest Brown. Powell had a poor relationship with his appointed counsel; Powell wrote multiple letters to the trial court complaining about the representation, but court staff informed him that the court could not consider such communications given that he was represented.

At some point, Powell attempted to fire his counsel. The trial court held a hearing on the issue of Powell's representation on October 12, 2018. At the outset of the hearing, the trial court explained to Powell that the hearing had been called "because the Court received some news about you wanting to terminate your attorney, is that correct?" Powell agreed and complained that his lawyer did not have his best interests in mind and was not preparing his case for trial. After confirming that Powell did not want to represent himself, the trial court assured Powell that it could not appoint a better lawyer than he already had, and informed Powell

that his appointed counsel was "still [his] attorney." "All right, sir," Powell responded.

On February 19, 2019, Powell entered a guilty plea to the two counts of malice murder and two aggravated assault charges; those aggravated assault charges merged into the murder counts, and the other charges were nolle prossed. On that same date, Powell was sentenced to two concurrent sentences of life in prison with the possibility of parole for two counts of malice murder.

Through counsel, Powell filed a motion to withdraw his guilty plea on March 4, 2019. The motion argued that Powell should be allowed to withdraw his plea because it "was not knowingly, intelligently, and voluntarily made" and because denial of the motion "would be a manifest injustice." A new lawyer (who continues to represent Powell before this Court) was appointed to pursue Powell's motion to withdraw. At a hearing on the motion to withdraw, the trial court heard testimony from Powell and his plea counsel, as well as a third witness who spoke to Powell's good reputation. Powell argued at the hearing that he should be allowed

to withdraw his plea because he was improperly advised of his right to testify, the trial court improperly handled his request for new counsel, and he was deprived of his constitutional right to the effective assistance of counsel. The trial court denied the motion in an order entered on October 2, 2019. Powell timely appealed.

1. Powell first argues that the trial court improperly denied his motion to withdraw because he was not properly advised of the rights listed in *Boykin*. We disagree.

After sentencing, the decision on a motion to withdraw a guilty plea is within the trial court's discretion, and withdrawal of the plea is allowed only when necessary to correct a manifest injustice. See *Walden v. State*, 291 Ga. 260, 261 (1) (728 SE2d 186) (2012).[1]

> The test for manifest injustice will by necessity vary from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the

---

[1] Of course, a motion to withdraw a guilty plea must be filed before the end of the term at which a trial court enters a judgment of conviction and sentence on a guilty plea. See *Dos Santos v. State*, 307 Ga. 151, 154 (3) (834 SE2d 733) (2019). Powell's motion to withdraw his guilty plea was filed well before that deadline. See OCGA § 15-6-3 (10) (terms of court for Clayton Circuit Superior Court commence on first Monday in February, May, August, and November).

guilty plea was entered involuntarily or without an understanding of the nature of the charges.

*Maddox v. State*, 278 Ga. 823, 826 (4) (607 SE2d 587) (2005) (citation and punctuation omitted). To determine whether a guilty plea is valid, the record must show that the defendant understood the plea, the nature of the charges, and the constitutional rights that he is relinquishing. See *DeToma v. State*, 296 Ga. 90, 91 (1) (765 SE2d 596) (2014); *Arnold v. State*, 292 Ga. 95, 97 (2) (734 SE2d 382) (2012). The State has the burden on direct review of establishing that the plea was entered knowingly, intelligently, and voluntarily. See *DeToma*, 296 Ga. at 91 (1). A trial court does not abuse its discretion in denying a motion to withdraw a guilty plea if the record supports the trial court's determination that a plea was made knowingly, intelligently, voluntarily, and without coercion. See *Glover v. State*, 300 Ga. 88, 90 (1) (793 SE2d 408) (2016). Where the evidence at issue is in conflict, the credibility of witnesses is for the trial court to determine. See id.

The United States Supreme Court stated in *Boykin* that we cannot presume from a silent record the waiver of three federal

rights: (1) the right against compulsory self-incrimination; (2) the right to be tried by a jury; and (3) the right to confront his or her accusers. 395 U. S. at 243. Powell argues that he should be allowed to withdraw his plea because the prosecutor implied during the plea colloquy that Powell would be allowed to testify only with counsel's approval. Specifically, during the plea colloquy the prosecutor advised Powell, "You understand that had you had the jury trial that [plea counsel] . . . would allow you to testify if y'all made the decision strategically to do so, or you have a right to remain silent at your trial?"

Indeed, the prosecutor's question to Powell may have inaccurately suggested that defense counsel decides whether a defendant may testify. See *State v. Nejad*, 286 Ga. 695, 696 (1) n.2 (690 SE2d 846) (2010) (decision whether to testify "is personal to the defendant" and "is made by the defendant after consultation with counsel"). But such a suggestion, inaccurate as it may be, does not run afoul of *Boykin*. *Boykin* did not mandate that a defendant be told that defense counsel's consent need not be obtained before testifying

in order for a plea to be valid. Instead, it held that the knowing, intelligent, and voluntary waiver of three federal constitutional rights at the time of a guilty plea — including the privilege against compulsory self-incrimination — cannot be presumed from a silent record. See 395 U.S. at 243 & n.5.

Here, the record supports the trial court's determination that Powell "knowingly and voluntarily entered his plea" and "fully understood the nature of the charges against him, the rights he was relinquishing, and the consequences of his plea." Powell was specifically advised at his plea hearing that, by pleading guilty, he was waiving the right to be tried by a jury, the right to testify in his own defense, the right to call witnesses, and the right to cross-examine the State's witnesses. He was also specifically advised during the hearing that he had a right to remain silent at his trial. Powell orally indicated that he understood those things. By signing the guilty plea acknowledgment and waiver of rights form, Powell also affirmed his understanding that he had the right to testify or not and that by pleading guilty he waived that right.

Powell since has professed some ignorance as to whether he was aware, at least prior to his plea colloquy, that he could testify or not testify at his trial.[2] But plea counsel testified that she reviewed the plea waiver form with Powell and explained all of the rights that he would be waiving by pleading guilty. Acknowledging that Powell was "emotional" at the time, counsel also testified that he seemed to understand the form and asked no questions. The trial court explicitly credited plea counsel's testimony about her review of the plea form with Powell, discredited Powell's testimony that he did not understand the plea proceedings, and found that Powell "knowingly and voluntarily entered his plea." We cannot say that the trial court abused its discretion in denying the motion to withdraw Powell's guilty plea to the extent that it was based on his claim that Powell

---

[2] Powell gave the following testimony at the hearing on his motion to withdraw his guilty plea:

Q. Now, what was your understanding about had you gone to trial — and you said you wanted to go to trial — about whether or not you could testify or not testify?

A. I don't know.

Q. Okay. And, so you didn't know until you heard something in court that day, right?

A. Yes.

was not properly advised of the rights he was waiving in pleading guilty.

2. Powell next argues that he was denied his constitutional right to effective counsel because the attorney-client relationship had broken down and because plea counsel had failed to prepare for trial. We disagree.

Ineffectiveness of counsel can constitute manifest injustice requiring that a defendant be allowed to withdraw his plea. See *Graham v. State*, 300 Ga. 620, 621 (797 SE2d 459) (2017). To establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. See *Strickland v. Washington*, 466 U.S. 668, 687 (104 SCt 2052, 80 LE2d 674) (1984). In the guilty plea context, the defendant must show both that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57-59

(106 SCt 366, 88 LE2d 203) (1985) (citation omitted); see also *Jones v. State*, 287 Ga. 270, 270-271 (695 SE2d 271) (2010). Concerning the adequacy of investigations, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary"; heavy deference is given to counsel's judgments. *Wiggins v. Smith*, 539 U.S. 510, 521-522 (123 SCt 2527, 156 LE2d 471) (2003) (citation and punctuation omitted). This Court accepts a trial court's factual findings and credibility determinations on an ineffectiveness claim unless they are clearly erroneous, but we apply legal principles to the facts de novo. See *Jones*, 287 Ga. at 272; *Suggs v. State*, 272 Ga. 85, 87 (4) (526 SE2d 347) (2000).

Here, Powell argues that he should have been allowed to withdraw his guilty plea because his relationship with counsel had broken down and because she had failed to prepare for trial. In particular, he cites her failure to explore using his good character as substantive evidence at trial and her failure to file a motion to exclude evidence of a photo array on the grounds that the identifying

witness initially had failed to identify Powell.

Citing *United States v. Cronic*, 466 U.S. 648, 659 (104 SCt 2039, 80 LE2d 657) (1984), Powell contends that he need not show prejudice from the degradation of his relationship with counsel, as it amounted to a constructive denial of counsel. But "[t]he scope of the *Cronic* presumed prejudice exception is quite limited[.]" *Roberts v. State*, 305 Ga. 257, 267 (6) (824 SE2d 326) (2019). It arises only where the defendant "is denied the presence of counsel at a critical stage," "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," or "counsel is called upon to render assistance under circumstances where competent counsel very likely could not[.]" *Bell v. Cone*, 535 U.S. 685, 695-696 (122 SCt 1843, 152 LE2d 914) (2002) (citations and punctuation omitted). Powell has not shown that any of these circumstances arose here. At best, he complains that counsel had a "negative" attitude toward him, caused him emotional stress, and admittedly "pushed" him to plead guilty. But "the Sixth Amendment guarantees effective assistance of counsel, not preferred counsel or counsel with whom a meaningful

relationship can be established[.]" *Ford v. Tate*, 307 Ga. 383, 433 (III) (C) (835 SE2d 198) (2019) (citation and punctuation omitted).

Even if plea counsel was deficient, Powell has failed to show that but for his lawyer's actions or omissions he would have gone to trial, and thus fails to show that he was prejudiced by any deficiency. Powell testified at the motion for new trial hearing as to various factors that encouraged him to plead guilty, including viewing surveillance video that morning, advice from people other than plea counsel, statements by co-defendants inculpating him, emotional stress due to the absence of his family members from court, and just generally not being in a "right state of mind." Powell notes that counsel testified that, until the date on which he entered his guilty plea, Powell indicated that he wanted to go to trial. And Powell points to his own testimony that he would go to trial now if allowed to withdraw his plea. But in denying Powell's motion to withdraw his guilty plea, the trial court found not credible Powell's testimony that he wanted to go to trial when he pleaded guilty, noting that after seeing a particular video of the incident, Powell asked to call

his father, was given the opportunity to do so, then decided to take the plea deal. The trial court also specifically found that the "record is wholly devoid of any evidence that [Powell] would have insisted on a trial if his trial counsel had secured the attendance of any of the character witnesses on his behalf." Powell has not shown that he was prejudiced by any deficiencies in plea counsel's trial preparation or a breakdown in his relationship with her.

3.     Finally, Powell argues that the trial court improperly denied his motion to withdraw in the light of the trial court's handling of his previous request for new counsel. We disagree.

Powell argues that the trial court erred by denying him substitute counsel for at least two reasons. First, citing *United States v. Nguyen*, 262 F3d 998, 1004 (9th Cir. 2001), Powell argues that the denial of substitute counsel was improper because the hearing on the request was held in open court with at least one assistant district attorney present in the courtroom. In addition, he argues that the trial court violated Uniform Superior Court Rule 4.3 in denying him new counsel because a substitution would not have

delayed the trial, interrupted the court's operation, or been manifestly unfair to Powell. See USCR Rule 4.3 (1) (an attorney's request to withdraw "will be granted unless in the judge's discretion to do so would delay the trial or otherwise interrupt the orderly operation of the court or be manifestly unfair to the client").

Even if Powell had properly requested new counsel, we need not consider whether the trial court erred in its handling of such a request.[3] As a general rule, a guilty plea waives all defenses except that based on the knowing and voluntary nature of the plea. See *Moore v. State*, 285 Ga. 855, 858 (2) (684 SE2d 605) (2009). Powell makes no argument that any exception to this general rule applies here. We already have rejected Powell's *Boykin* argument on the basis that the record supports the trial court's determination that Powell's plea was knowingly and voluntarily entered. And to the

---

[3] The State argues that Powell did not request substitute counsel at the October 12, 2018, hearing, and that USCR 4.3 (1) would not apply even if he had, because plea counsel never asked to withdraw. And we note that Powell points to no decision of this Court or the United States Supreme Court requiring that requests for substitute counsel be heard ex parte. Cf. *Hulett v. State*, 296 Ga. 49, 56-58 (3) (766 SE2d 1) (2014) (rejecting appellant's claim that trial court erred by denying his request for an ex parte hearing on his request for new counsel).

extent that Powell contends that the denial of his request for a new lawyer left him with a constitutionally ineffective lawyer, we already have concluded that Powell has not shown that he was prejudiced by any deficient performance of counsel. Powell's argument fails.

*Judgment affirmed. All the Justices concur.*

DECIDED AUGUST 10, 2020.
Murder. Clayton Superior Court. Before Judge Mack.
*John W. Kraus*, for appellant.
*Tasha M. Mosley, District Attorney, Karen S. Barbour, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.