311 Ga. 514
FINAL COPY

S21A0252.  McCLAIN v. THE STATE.

ELLINGTON, Justice.

Letisha McClain appeals from the trial court's denial of her motion to withdraw her guilty pleas to felony murder and three counts of aggravated assault. She claims that the trial court erred in denying her motion because withdrawal of her pleas is necessary to correct a manifest injustice. McClain shows no obvious abuse of discretion in the trial court's denial of her motion to withdraw her guilty pleas, and we affirm.

The record shows that a Richmond County grand jury indicted McClain for malice murder, two counts of felony murder, and three counts of aggravated assault in connection with the death of Walter Benning and the injury of three others during a house fire in May 2018. During the course of her May 2019 trial, McClain changed her initial plea of not guilty and entered non-negotiated pleas of guilty

to one count of felony murder and three counts of aggravated assault. The count of malice murder and one count of felony murder were nolle prossed. The trial court sentenced McClain to life in prison without parole for felony murder, and 20 years in prison for each count of aggravated assault to be served concurrently with the sentence for felony murder. McClain filed timely motions to withdraw her guilty pleas in June 2019 through trial counsel and new counsel.

At the hearing on the motion to withdraw McClain's guilty pleas, the trial court heard testimony from McClain and her trial counsel. McClain's new counsel represented that the motion was based on the "very limited premise" that McClain "stopped her trial and pleaded guilty because . . . she felt that she had a better chance of a life with parole sentence . . .  if she did plead guilty." The trial court denied the motion in a written order, and McClain filed a timely appeal.

> After sentencing, a defendant may withdraw [her] guilty plea only to correct a manifest injustice, which exists if the plea was in fact entered involuntarily or

2

without an understanding of the nature of the charges. When a defendant challenges the validity of [her] guilty plea in this way, the State bears the burden of showing that the defendant entered [her] plea knowingly, intelligently, and voluntarily. The State may meet its burden by showing on the record of the guilty plea hearing that the defendant understood the rights being waived and possible consequences of the plea or by pointing to extrinsic evidence affirmatively showing that the plea was voluntary and knowing. In evaluating whether a defendant's plea was valid, the trial court should consider all of the relevant circumstances surrounding the plea. The court's decision on a motion to withdraw a guilty plea will not be disturbed absent an obvious abuse of discretion.

*Johnson v. State*, 303 Ga. 704, 706-707 (2) (814 SE2d 688) (2018) (citations and punctuation omitted). See also *Powell v. State*, 309 Ga. 523, 524 (1) (847 SE2d 338) (2020) (The test for manifest injustice varies "from case to case, but it has been said that withdrawal is necessary to correct a manifest injustice if, for instance, a defendant is denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges." (citation and punctuation omitted)).

McClain contends that withdrawal of her guilty pleas is "necessary to correct the manifest injustice arising from denying

3

[her] the opportunity to obtain the possibility of parole after prison." She asserts that she entered her guilty pleas after her attorney advised her that her trial was "not going well" and that her only chance of avoiding a sentence of life in prison without the possibility of parole was to plead guilty. McClain argues that she reached for the "lifeline" thrown her way as a result of "instinct," and, therefore, her guilty pleas were not voluntary, knowing, or rational. She argues that she should be allowed to withdraw her instinctive guilty pleas "and finish her day in court" because of the possibility that, if she is found guilty after a trial, "the judge might be moved enough to offer the possibility of parole."

McClain and her trial counsel testified at the hearing on the motion to withdraw her guilty pleas. In pertinent part, trial counsel testified as follows. After the evidence at trial had "taken a turn" against McClain, counsel strongly suggested that there was a "good likelihood" that she would receive a parolable life sentence if she took responsibility and pleaded guilty. Counsel had assessed that McClain would almost certainly receive a sentence of life without

4

parole if she finished the trial and was convicted. Counsel did not promise McClain that she would receive a parolable sentence if she pleaded guilty, but he believed that pleading guilty was in her best interest.

McClain testified at the hearing on the motion to withdraw that she believed she would receive a sentence of life without parole if she followed through with the trial and was convicted, and that she thought she was doing "the right thing" by pleading guilty. She testified that she thought that by pleading guilty she would receive a sentence with the possibility of parole, and that she got the idea from her trial counsel, who told her "that there was a chance that the Judge would have gave [sic] me a sentence with possibility of parole."

The record does not include a transcript of the guilty plea hearing, but it contains a written plea and acknowledgment of waiver of rights in which McClain acknowledged, among other things, that the maximum sentence for the charge of felony murder was life without parole and that she had made no plea agreement

5

that caused her to plead guilty.  McClain's counsel certified, among other things, that he had reviewed the questions on the form with her, assured himself that she understood them, and explained to her all possible consequences of a guilty plea. The trial court also entered an order signed contemporaneously with the entry of the plea finding from the questioning of the defendant and defense counsel, and from the plea and acknowledgment of waiver, that the court had affirmatively determined, among other things, that McClain knew and understood the nature of the charges and the consequences of the plea.  See *Oliver v. State*, 308 Ga. 652, 655 (842 SE2d 847) (2020) (holding that under circumstances in which, among other things, appellant signed a waiver-of-rights form and the trial court entered an order contemporaneous with the guilty plea finding the plea to be freely, understandingly, and voluntarily made, appellant was advised of his rights and understood that he was waiving those rights by pleading guilty); *Mims v. State*, 299 Ga. 578, 581-584 (2) (a) (787 SE2d 237) (2016) (holding that, although the transcript of the guilty plea hearing did not show that the

6

defendant was apprised of his privilege against self-incrimination and the right to confrontation, documents in the record of the plea, including a written plea and acknowledgment of waiver of rights, certification of trial counsel, and a contemporaneous order of the trial court, refuted appellant's claim that he was not advised of his privilege against self-incrimination and the right to confrontation), overruled on other grounds, *Collier v. State*, 307 Ga. 363, 377 (834 SE2d 769) (2019).

McClain's testimony at the hearing on the motion to withdraw her pleas and her waiver-of-rights form showed that she understood that she faced a maximum sentence of life without parole by pleading guilty to the charge of felony murder. She pleaded guilty on advice of counsel, but McClain does not show or contend that her attorney was deficient in offering that advice. Notwithstanding McClain's argument on appeal that she acted "instinctively" in entering her guilty pleas, the record supports the trial court's finding that her pleas were freely and voluntarily made. We conclude that there was no obvious abuse of discretion in the trial

7

court's denial of McClain's motion to withdraw her guilty pleas. See *McGuyton v. State*, 298 Ga. 351, 353 (1) (a) (782 SE2d 21) (2016) ("A decision on a motion to withdraw a guilty plea is a matter for the sound discretion of the trial court and will not be disturbed absent manifest abuse.").

*Judgment affirmed. All the Justices concur.*

Decided May 17, 2021.

Murder. Richmond Superior Court. Before Judge Blanchard.

*Joseph C. Timothy Lewis*, for appellant.

*Natalie S. Paine, District Attorney, Joshua B. Smith, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Eric C. Peters, Assistant Attorney General*, for appellee.