**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 20, 2021**

# In the Court of Appeals of Georgia

A21A1050. WALTON v. THE STATE.

PHIPPS, Senior Appellate Judge.

Melvin Walton appeals following the denial of his motion to withdraw his guilty plea. Walton contends that he received ineffective assistance of counsel and that his guilty plea was not knowingly and voluntarily entered. For the following reasons, we affirm.

The record shows that Walton was charged by felony accusation with two counts of trafficking in cocaine, possession of a Schedule IV controlled substance with intent to distribute, possession of a Schedule I controlled substance with intent to distribute, two counts of sale of cocaine, and possession of a firearm by a convicted felon.[1] Walton entered a negotiated guilty plea to all counts in the accusation. He

---

[1] Walton was originally charged in a 22-count indictment with a co-defendant.

received concurrent 30-year sentences for the trafficking, Schedule I possession, and sale of cocaine counts and concurrent 10-year sentences for the Schedule IV possession and firearm counts. Walton's aggregate sentence was 30 years with the first 15 years to serve in prison.

Through new counsel, Walton moved to withdraw his guilty plea. Following a hearing, the trial court denied Walton's motion. This appeal followed.

"After sentencing, a defendant may withdraw a guilty plea only to correct a manifest injustice, such as where the defendant was denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges." *McGuyton v. State*, 298 Ga. 351, 353 (1) (a) (782 SE2d 21) (2016) (citation and punctuation omitted). "A decision on a motion to withdraw a guilty plea is a matter for the sound discretion of the trial court and will not be disturbed absent manifest abuse." Id.

1. Walton first argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea because he received ineffective assistance of counsel in several respects during the plea process. We disagree.

"[W]hen a criminal defendant seeks to withdraw a guilty plea on the ground of ineffective assistance of counsel, the ineffective assistance claim must be evaluated

under the two-prong test set forth in *Strickland v. Washington*[, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984)]." *Alexander v. State*, 297 Ga. 59, 64 (772 SE2d 655) (2015). To prevail on an ineffective assistance claim in the context of a guilty plea, "the defendant must show both that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Powell v. State*, 309 Ga. 523, 526 (2) (847 SE2d 338) (2020) (citation and punctuation omitted). "Failure to satisfy either prong of the *Strickland* test is sufficient to defeat a claim of ineffective assistance, and it is not incumbent upon [an appellate court] to examine the other prong." *Smith v. State*, 296 Ga. 731, 733 (2) (770 SE2d 610) (2015). When reviewing a trial court's ruling on the effectiveness of trial counsel, we "accept the trial court's factual findings and credibility determinations unless clearly erroneous, but . . . independently apply the legal principles to the facts." *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000). "Although the State generally bears the burden of establishing the validity of a plea on a motion to withdraw, [Walton] bears the burden in this case of establishing his claim of ineffective assistance of counsel." *Bailey v. State*, 313 Ga. App. 824, 825 (723 SE2d 55) (2012).

(a) Walton first contends that he received ineffective assistance because his plea counsel did not inform him that he had an absolute right to withdraw his plea prior to sentencing. Walton relies primarily on *Nelson v. Wilkey*, 309 Ga. 203, 209 (2) (845 SE2d 566) (2020), in which the Supreme Court of Georgia held that "a defendant's right to effective assistance of counsel regarding his guilty plea includes the right to be advised about his absolute right to withdraw his guilty plea prior to sentencing and whether he should pursue such a remedy." Here, unlike in *Wilkey*, Walton entered his guilty plea and was sentenced at the same hearing. See 309 Ga. at 204 (1). At the hearing on Walton's motion to withdraw his guilty plea, Walton's plea counsel testified that she did not explain to Walton that he had an absolute right to withdraw his plea before sentencing. According to Walton's plea counsel, "Walton never really wanted to go to trial" and "wanted to work out some kind of plea." The trial court found that Walton's plea counsel was deficient for failing to inform Walton of his absolute right to withdraw his plea prior to sentencing. However, the trial court found that Walton had not shown prejudice – according to the court: "There is simply no evidence that he would have withdrawn his plea before sentencing as there has been no showing that Walton ever considered taking his case to trial because there was no realistic possibility of a better outcome[.]"

4

At the hearing on the motion to withdraw, Walton testified that he asked to withdraw his plea "immediately," which he explained meant "as soon as [he] got back to the jail [after the plea hearing] or a day or so after." The trial court found that Walton was "not credible as to what he did and when he took action to withdraw his plea[.]" The trial court was authorized to conclude that Walton was not credible. See *Graham v. State*, 300 Ga. 620, 621-622 (797 SE2d 459) (2017) (trial court was authorized to weigh credibility of defendant and defendant's attorney at hearing on motion to withdraw and conclude defendant was not credible). Even if the trial court had found Walton's testimony credible, that testimony pertained only to actions he allegedly took after he was sentenced – Walton never testified that he would have withdrawn his guilty plea before sentencing if his counsel had informed him of his right to do so. Consequently, Walton has failed to demonstrate prejudice, and we need not address whether Walton's plea counsel was deficient. See *Powell*, 309 Ga. at 526 (2); *Smith*, 296 Ga. at 733 (2).

(b) Walton next contends that he received ineffective assistance due to his plea counsel's failure to advise him of his right to have the identity of a confidential informant revealed prior to pleading guilty. At the hearing on the motion to withdraw, Walton's plea counsel testified that although she filed a motion to have the

confidential informant revealed, there was never a hearing on the motion. According to counsel, she would have pursued the motion if the case had progressed further. Walton contends that the failure to pursue the motion to reveal the confidential informant was error on the part of his plea counsel. The trial court found that not going forward with the motion to reveal the confidential informant was a reasonable strategy by plea counsel based on Walton's decision to enter a guilty plea.

"Whether to file pretrial motions and how to argue them are strategic decisions, and when reasonable in the context of the case, do not constitute error." *Stroud v. State*, 272 Ga. 76, 78 (4) (526 SE2d 344) (2000). Here, plea counsel testified that Walton wanted to plead guilty rather than go to trial, and the trial court was authorized to find plea counsel's testimony credible. See *Graham*, 300 Ga. at 621-622. In this context, counsel's strategy not to pursue the motion to reveal the confidential informant was reasonable, and Walton has failed to demonstrate deficient performance. See *Lawton v. State*, 285 Ga. App. 45, 47 (645 SE2d 571) (2007) (counsel's decision not to file a motion to suppress was strategic and did not fall outside the wide range of reasonable professional assistance).

(c) Walton also contends that he received ineffective assistance when his plea counsel did not inform him about his co-defendant's guilty plea. Walton's plea

6

counsel testified that she attended Walton's co-defendant's plea hearing and informed Walton about what took place at the hearing. Walton, on the other hand, testified that his plea counsel did not tell him about his co-defendant's plea and that, if he had known about the plea and ensuing sentence,[2] he would have taken his case to trial. The trial court found that Walton's testimony was not credible and his plea counsel was not deficient. "Credibility determinations are within the purview of the trial court[,] and the court's factual findings will not be disturbed unless clearly erroneous." *McGuyton*, 298 Ga. at 355 (1) (b). Here, the trial court was entitled to credit counsel's testimony over Walton's testimony on this issue. See id.; accord *Graham*, 300 Ga. at 621-622. Thus, Walton has failed to demonstrate that the trial court erred in finding that his plea counsel's performance was not deficient. We therefore find no merit in Walton's claims of ineffective assistance.

2. Walton next argues that the trial court erred in denying his motion to withdraw his guilty plea because he did not enter his plea knowingly and voluntarily.[3]

---

[2] Walton's co-defendant pleaded guilty to misdemeanor charges of possession of drug related objects and possession of marijuana and was sentenced to 24 months on probation. As part of the plea deal, numerous other charges were nolle prossed.

[3] As part of his argument, Walton repeats his ineffective assistance of counsel claim without elaboration or explanation of how it is relevant to his claim that he did not enter his plea knowingly and voluntarily. Walton's ineffective assistance claim

7

Walton claims that he experienced a seizure the night before he entered his plea and was still under its effects at the time of the plea.

> When a defendant challenges the validity of his guilty plea, the State bears the burden of showing that the plea was entered voluntarily and intelligently and that the defendant had an understanding of the nature of the charges against him and the consequences of the plea. The State may meet its burden in two ways: (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) filling a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.

*Zellmer v. State*, 273 Ga. App. 609, 611 (2) (615 SE2d 654) (2005) (citation and punctuation omitted). Here, the record includes a transcript of the plea hearing.

At the plea hearing, Walton said that he understood the charges and the maximum possible sentence. The State informed Walton that he had a right to a jury trial and that, if he chose to have one, he would be presumed innocent until the State proved his guilt beyond a reasonable doubt. The State also informed Walton that if he went to trial he would have the right to subpoena witnesses, the right to confront the State's witnesses, the right to not incriminate himself, and the right to testify and

is addressed in Division 1.

offer other evidence, but that he could not be compelled to do so. Walton stated that he had the opportunity to talk with his attorney about his case, he was satisfied with her services, and there was a factual basis for his plea. Walton confirmed that it was his decision to waive his rights and plead guilty, he was entering his guilty plea freely and voluntarily, and no one had forced him to take or threatened him into taking the guilty plea. Walton also signed a notice of rights form acknowledging that he understood his constitutional rights and that he was giving up his rights voluntarily by pleading guilty.

At the hearing on the motion to withdraw, Walton claimed that he thought he "had a seizure or something" the night before the plea hearing. According to Walton, on the day of the plea hearing, he did not eat anything and was not talking a lot, which, he explained, are signs that he previously had a seizure. Walton's plea counsel, on the other hand, testified that Walton wanted to plead guilty and did not seem confused or under the influence of anything that would cloud his judgment during the plea hearing.

The trial court found that Walton's equivocal testimony about having a seizure was not credible in light of the lack of evidence supporting it, plea counsel's testimony that she had observed nothing wrong with Walton on the day of the plea,

9

and the trial court's own observations of Walton during the plea. In addition, the trial court found the transcript of the plea hearing reflected that Walton "understood what was going on and was voluntarily and freely entering the plea." The trial court was authorized to conclude that Walton's uncorroborated testimony about having a seizure was not credible, see *Graham*, 300 Ga. at 621-622, and that Walton freely and voluntarily entered his plea. Consequently, we find no manifest abuse of discretion in the trial court's denial of Walton's motion to withdraw his guilty plea. See id.

*Judgment affirmed. Rickman, C. J., and McFadden, P. J., concur.*