**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**July 20, 2023**

# In the Court of Appeals of Georgia

A23A0980. WELDON v. THE STATE.

MILLER, Presiding Judge.

Joe Weldon appeals from the trial court's denial of his motion to withdraw guilty plea. On appeal, he argues that the trial court abused its discretion by denying the motion because there was evidence of his "heightened emotional state" during the plea proceedings, and therefore his *Alford*[1] plea was not freely and voluntarily entered. Finding that the trial court committed no abuse of discretion, we affirm the denial of Weldon's motion to withdraw guilty plea.

In connection with two separate indictments, Weldon pleaded guilty to seven counts of violating the Street Gang Terrorism and Prevention Act, one count of criminal attempt to commit armed robbery, one count of aggravated battery, and one

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

count of influencing a witness. During the plea hearing, Weldon testified under oath that he had reviewed the charges with his attorney; that he was not under the influence of any drugs, alcohol, or medications; and that he desired to plead guilty in his best interest because he believed that there was a substantial likelihood that he could be convicted at trial. He affirmed that he had not been threatened, coerced, or promised anything in exchange for his guilty plea and that he was entering the plea freely and voluntarily. Weldon also indicated that he had signed the plea proceeding record, which he had reviewed with his attorney, and that he understood the various rights that he was surrendering by pleading guilty. After Weldon informed the trial court that he had no questions about the proceedings, the court accepted his *Alford* plea. Weldon received a 40-year sentence, with the first 15 years to be served in confinement, and the balance to be served on probation. Weldon later filed a motion for new trial, partly claiming that his plea was not freely and voluntarily entered. The trial court denied the motion after a hearing, and Weldon now appeals.

In his sole enumeration of error, Weldon claims that the trial court abused its discretion when it denied his motion to withdraw guilty plea because there was testimony showing that his plea was not freely and voluntarily entered due to his heightened emotional state. We reject this argument and conclude that the trial court

did not abuse its discretion in determining that Weldon's plea was freely, voluntarily, and intelligently entered.

"After sentencing, a defendant may withdraw a guilty plea only to correct a manifest injustice, such as where the defendant was denied effective assistance of counsel, or the guilty plea was entered involuntarily or without an understanding of the nature of the charges." (Citation omitted.) *Walton v. State*, 361 Ga. App. 536 (864 SE2d 701) (2021). "A decision on a motion to withdraw a guilty plea is a matter for the sound discretion of the trial court and will not be disturbed absent manifest abuse." (Citation omitted.) Id.

> To determine whether a guilty plea is valid, the record must show that the defendant understood the plea, the nature of the charges, and the constitutional rights that he is relinquishing. The State has the burden on direct review of establishing that the plea was entered knowingly, intelligently, and voluntarily. A trial court does not abuse its discretion in denying a motion to withdraw a guilty plea if the record supports the trial court's determination that a plea was made knowingly, intelligently, voluntarily, and without coercion. Where the evidence at issue is in conflict, the credibility of witnesses is for the trial court to determine.

*Powell v. State*, 309 Ga. 523, 524-525 (1) (847 SE2d 338) (2020).

Here, the record supports the trial court's determination that Weldon entered his guilty plea freely, voluntarily, and intelligently, and we discern no manifest abuse of discretion in the trial court's denial of Weldon's motion to withdraw. During the plea proceedings, the trial court specifically advised Weldon that he did not have to plead guilty if he did not want to do so. Weldon affirmed that he wanted to plead guilty and that he had not been coerced into entering the plea. Although Weldon later testified at the motion hearing that he felt "pressured" to enter the plea and that he was "out of it because [he] was crying [and] everything was emotional," he agreed that he did not mention feeling pressured during the plea proceedings. He also testified that he was being truthful during the plea proceedings when he stated that his plea was being freely and voluntarily entered and that he wanted to plead guilty. While acknowledging Weldon's emotional state during the plea proceedings, Weldon's plea counsel explained at the motion hearing that it was Weldon's decision to plead guilty after she spoke with him about various pre-trial evidentiary rulings and their potential impact on the outcome of his trial. She insisted that she did not coerce him to enter the plea and that Weldon "understood what he was doing" when he pleaded guilty.

In denying the motion, the trial court considered the transcript of the plea proceedings and the testimony at the motion hearing, and the court specifically discredited Weldon's testimony that he had felt pressured to enter a guilty plea and found it not credible. Given the record, the trial court was authorized to discredit Weldon's claim of feeling pressured and conclude that his plea was freely, voluntarily, and intelligently entered. See *Powell*, supra, 309 Ga. at 525-526 (1) (affirming the denial of the motion to withdraw where the defendant was "emotional" during the plea proceedings, but his counsel testified that he seemed to understand the form and asked no questions, and the trial court discredited the defendant's testimony that he did not understand the plea proceedings); *DeToma v. State*, 296 Ga. 90, 92-93 (1) (765 SE2d 596) (2014) (guilty plea was valid despite defendant's display of "considerable emotion" during the plea hearing and his claim that he felt "pressured" to plead guilty).

Discerning no abuse of discretion, we affirm the trial court's denial of Weldon's motion to withdraw his guilty plea.

*Judgment affirmed. Mercier, C. J., and Hodges, J., concur.*